# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| EARL ANDERSON | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV00179 RWS(LMB) |
| | ) | |
| JEAN ANN JOHNSON, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on petitioner's Motion to Amend. (Doc. No. 15). On December 9, 2013, the undersigned filed a Report and Recommendation that petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be denied. (Doc. No. 14). Petitioner signed a motion for leave to amend his petition on December 4, 2013, over two years after he filed his original petition. Petitioner's motion was not received by the Clerk's Office until December 13, 2013. Consequently, this matter was re-referred to the undersigned for ruling on petitioner's Motion to Amend. (Doc. No. 17).

## Background

In his original petition, petitioner raised a single ground for relief. Petitioner argued that his due process rights were violated when he was sentenced without being present. The undersigned found that petitioner's claim was procedurally defaulted because petitioner did not raise this claim in his post-conviction relief motion or in his appeal from the denial of post-conviction relief. The undersigned further found that petitioner's claim failed on the merits, as the

-1-

record reveals that petitioner was present when he was sentenced on January 22, 2007. The court noted that, to the extent petitioner was claiming he was not present when the trial court issued its Amended Judgment and Second Amended Judgment, the motion court found that the Amended Judgment and Second Amended Judgment were void.

In his motion to amend, petitioner seeks leave to amend his petition to add the following new claims: (1) ineffective assistance of trial counsel for appearing to correct petitioner's sentence without petitioner's knowledge; (2) ineffective assistance of post-conviction relief counsel for failing to raise the claim regarding the ineffectiveness of trial counsel; and (3) ineffective assistance of appellate counsel for failing to raise the first two claims and for representing petitioner on both direct appeal and post-conviction relief. Petitioner admits that the amended petition would be outside the one-year statute of limitations, but contends that the claims relate back to the filing of the original petition. See 28 U.S.C. § 2244(d) (providing for a one-year statute of limitations).

Respondent has filed a Response, in which she argues that petitioner's motion to amend should be denied because his amended petition would be outside the one-year statute of limitations and the new claims do not relate back to the date of the original petition.

## **Discussion**

Claims in an amended habeas petition filed after the expiration of the one-year limitations period may not be considered if they do not "relate back" to the date of the original habeas petition. Mayle v. Felix, 545 U.S. 644, 655 (2005) (citing Fed. R. Civ. P. 15(c)). Amended claims relate back to the original claims when both sets of claims arise out of the

"conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In order for the amended claims to relate back they must be supported by facts of the same "time and type" as those in the original pleading. Mayle, 545 U.S. at 650. "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Mayle, 545 U.S. at 664. "A change in legal theory is not fatal to [Rule 15(c)(1)(B)]'s application," because it is the factual basis of the claims that is the essence of the relation-back determination. Maegdlin v. Int'l Ass'n of Machinists and Aerospace Workers, Dist., 309 F.3d 1051, 1053 (8th Cir. 2002).

Relation back is proper when the amended claim merely tends to strengthen or amplify without essentially altering the existing claims. Maegdlin, 309 F.3d at 1053; see also USX Corp. v. Barnhart, 395 F.3d 161, 166-67 (3d Cir. 2004). For example, relation back has been permitted where the original petition alleged Brady violations, and the amended complaint alleged the Government's failure to disclose a particular report, both of which related to evidence "obtained at the same time by the same police department." Mayle, 545 U.S. at 664, n.7 (citing Mandacia v. U.S., 328 F.3d 995, 1000 (8th Cir. 2003)).

Claims do not relate back "simply because they relate to the same trial, conviction, or sentence as a timely filed claim." Mayle, 545 U.S. at 662. Nor will relation back be deemed proper where the original and amended claims are premised on the same legal theory but not upon a common set of facts. U.S. v. Hernandez, 436 F.3d 851, 858 (8th Cir. 2006).

    **1.**    **Claim One**

In his first claim, petitioner argues that trial counsel was ineffective for appearing before the plea court to correct petitioner's sentence without petitioner's knowledge. In the original

petition, petitioner argued that his due process rights were violated when the trial court sentenced him without being present. Although petitioner's new claim relates to the same "time," it is not of the same type as the original claim. Petitioner's original claim challenged the actions of the trial court, whereas his new claim is challenging the actions of counsel. Petitioner claims that trial counsel appeared without his knowledge or consent. Petitioner's new claim, therefore, alleges not only a new legal theory but new facts. Thus, claim one does not relate back to the filing of the original claim and is untimely.

### 2. Claim Two

In his second claim, petitioner argues that post-conviction relief counsel was ineffective for failing to raise the claim regarding the ineffectiveness of trial counsel. This claim is different both in time and in type from petitioner's original claim. Petitioner is challenging the actions of post-conviction relief counsel at a later time than his original claim, and raises a different legal theory. Consequently, claim two does not relate back to the filing of the original claim and is untimely.

### 3. Claim Three

In petitioner's third claim, he argues that appellate counsel was ineffective for failing to raise the two claims previously discussed and for a conflict of interest due to representing petitioner on both direct appeal and post-conviction relief. This claim, like petitioner's second claim, is different in both time and type. Thus, claim three does not relate back to the filing of the original claim and is untimely.

Because all of petitioner's proposed claims are untimely, the undersigned will deny his Motion to Amend.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's Motion to Amend (Doc. No. 15) be and it is denied.

Dated this 19th day of February, 2014.

                                        /s/ Lewis M. Blanton
                                        LEWIS M. BLANTON
                                        UNITED STATES MAGISTRATE JUDGE