UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| EARL ANDERSON, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | Case No. 4:11CV179 RWS |
| JEAN ANN JOHNSON, | ) |  |
| Respondent. | ) |  |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Earl Anderson. The Court referred this matter to United States Magistrate Judge Lewis M. Blanton for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On December 9, 2013, Judge Blanton filed his recommendation that petitioner's habeas petition should be denied. Judge Blanton then recommended that petitioner's motion to amend his petition be denied as untimely. Petitioner objects to the Report and Recommendation. Although his objections are difficult to discern, petitioner appears to be raising the same arguments that he made before Judge Blanton in support of his habeas petition. He also argues that the Report and Recommendation is "void" and that he had a right to amend the petition.

I have conducted a de novo review of all matters relative to petitioner's objections. After careful consideration, I will adopt and sustain Judge Blanton's Report and Recommendation in its entirety. I find that Judge Blanton correctly decided that petitioner's claim was both procedurally defaulted and meritless. Petitioner was present when he was sentenced, and the subsequent nunc pro tunc order entered by the state court does not change that fact. His due process claim fails. His proposed amended claims are also untimely, as they were filed outside the one-year limitations period and do not relate back to the date of the original habeas petition. See Mayle v. Felix, 545 U.S. 644, 655 (2005). Petitioner, therefore, did not have a "right" to amend his petition, and Judge Blanton correctly denied leave to amend. I summarily overrule petitioner's objection that the Report and Recommendation was "void" as meritless.

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)). Because

petitioner has not made such a showing, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation filed on December 9, 2013 [#14] is adopted and sustained, except as stated above.

**IT IS FURTHER ORDERED** that petitioner's objections to the Report and Recommendation [#24] are overruled.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus [#1] is denied.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of April, 2014.